106 F.3d 401
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Richard MILLER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-4199.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1996.
 
 Before: MARTIN, Chief Judge, and KRUPANSKY and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The petitioner, James Richard Miller, was originally convicted of conspiracy to possess cocaine with the intent to distribute, knowingly traveling in interstate commerce to promote an unlawful activity, and carrying a firearm during and in relation to a drug-trafficking offense. The convictions were affirmed on direct appeal, and Miller filed a motion to vacate under 28 U.S.C. § 2255. Relief was denied, and Miller appealed to this court. We affirmed on the grounds specifically decided by the district court but noted that the court had erroneously pretermitted one issue as having been previously determined.
 
 
 2
 We then remanded the case to the district court for a determination on the petitioner's claim that he had received ineffective assistance of counsel at trial due to a "hopeless conflict of interest" created when his attorney represented both petitioner Miller and his co-defendant, Jacinto Jose Banos. Following an evidentiary hearing, the magistrate judge found that there was no actual conflict of interest and held, alternatively, that Miller had voluntarily, knowingly, and intelligently elected to be represented by attorney Lewis Dye jointly with his co-defendant, Banos. The district court adopted the magistrate judge's report and recommendation and denied relief.
 
 
 3
 Between the time of the magistrate's ruling and that of the district court, Miller unsuccessfully sought to amend his petition to allege a violation of United States v. Bailey, 36 F.3d 106 (D.C.Cir.1994), cert. granted, 115 S.Ct. 1689 (1995), arguing that the evidence at trial was insufficient to convict him on the firearms count. The Supreme Court subsequently ruled that "to sustain a conviction under the 'use' prong of § 924(c)(1), the government must show that the defendant actively employed the firearm during and in relation to the predicate crime." Bailey v. United States, 116 S.Ct. 501 (1995). Miller now presses this argument on appeal, insisting that the district court erred in refusing to permit amendment of the petition.
 
 
 4
 We conclude that the petitioner is not entitled to relief under § 2255 and affirm.
 
 I. The Conflict of Interest Claim
 
 5
 Prior to the arraignment of Miller, Banos, and a third co-defendant, Guy Leonard Prince, the government filed a motion requesting an inquiry by the district judge into Dye's proposed joint representation of Miller and Banos. (Prince was represented by separate counsel--Miller and Banos intended to present a "rip-off defense," i.e., that they became embroiled in a transaction with a confidential government informant with the intent to steal from Prince, not for the purpose of making sale to the informant, and were, in that sense, "entrapped.") At arraignment, the district judge advised both Miller and Banos that they were entitled to separate representation and further advised that he wanted to assure that there was not a conflict of interest by virtue of Dye's joint representation. The court then asked each defendant if he felt that there was any conflict of interest in Dye's joint representation. Both defendants replied in the negative.
 
 
 6
 The district court also asked each of them whether he was "perfectly satisfied" that he would be effectively represented by Dye if Dye represented both defendants jointly. Miller responded, "Yes, Your Honor," as did Banos.
 
 
 7
 The district judge then addressed Lewis Dye, inquiring whether, at that time, Dye saw any possible conflict in joint representation of Miller and Banos. Dye responded in the negative, but assured the court that he would inform the court of any conflict that later developed. Dye never reported such a conflict. He later testified, in addition, that he had discussed the matter of a potential conflict with his clients:
 
 
 8
 I explained if the parties, you know, conceivably one is going to blame the other, something along those lines, that represents a conflict. Or if there is evidence, even in the form of questions, where there is a defense that is different from one that might not be appropriate for the other party, so you have some differences there, what's best for one client isn't best for the other client.
 
 
 9
 Clearly, Miller's decision to retain Dye as counsel was voluntary. Moreover, there can be little doubt that Miller's waiver was knowing and intelligent. As the magistrate later noted, Miller had "earned a high school diploma and attended two years at Penn State University, where he studied 'advanced math' among other more general subjects." The magistrate judge also noted Miller's lengthy experience and "ongoing involvement with the criminal justice system dating back to a juvenile arrest while in ninth grade ... a burglary charge in 1972 and a later grand larceny charge," and she pointed out that Miller was "charged with aggravated trafficking in Florida at the time of his arrest in this case."
 
 
 10
 Based on testimony at the hearing and evidence of what occurred prior to and during trial, the magistrate judge concluded:
 
 
 11
 Petitioner's election at arraignment represented a well-informed and reflective decision to proceed with counsel of his choice. The record indicates that petitioner voluntarily chose attorney Dye to jointly represent him and co-defendant Banos, and that that choice was made with adequate knowledge and understanding of what that joint representation would entail, including the potential risks of the representation and the constitutional rights involved. Petitioner's criminal history, educational background, and demeanor before this Court depict an intelligent criminal defendant with substantial experience with the criminal justice system. Moreover, attorney Dye provided advice to petitioner regarding a potential conflict and examples of potential impact of a conflict on his defense. This advice, in conjunction with Judge Kinneary's admonition and inquiry at arraignment, provided petitioner with the facts necessary to exercise knowingly his Sixth Amendment right to counsel of his choice. It is clear from the record that petitioner was aware of the risks of joint representation and understood those risks when he opted to proceed with attorney Dye.
 
 
 12
 We find these conclusions amply supported by the record. We therefore hold that Miller validly waived his right to separate counsel and cannot now claim that joint representation amounted to ineffective assistance of counsel. Having made this ruling, we find it unnecessary to decide whether an actual conflict of interest arose in Dye's representation of both Miller and Banos.
 
 
 13
 The second question posed on appeal concerns Miller's argument that the district court erred by refusing to allow him to amend his petition in light of the then-pending Supreme Court case of Bailey v. United States, 116 S.Ct. 501 (1995). Bailey, which ultimately held that the government must show active employment of a firearm in order to convict a defendant of "using" a firearm in violation of 18 U.S.C. § 924(c)(1), had not yet been decided by the Supreme Court when Miller sought to amend his § 2255 petition. Hence, it cannot be said that the district court abused its discretion by refusing to permit an amendment based on an undecided case.
 
 
 14
 Miller is, however, now free to file another § 2255 motion, arguing that Bailey creates an intervening legal change that substantively affects his case. Before a successive petition will be heard, recent amendments to § 2255 require our certification that such a motion contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Because Bailey involved a new interpretation of substantive criminal law, it should be considered retroactive. Thus, Miller may choose to file a successive petition.
 
 
 15
 Based on the issues presented in this petition, however, we AFFIRM the judgment of the district court.